## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :
                                   :

            v.                         :       CRIMINAL NO. 07-237
                                   :

KIA REID                             :

## GOVERNMENT'S GUILTY PLEA MEMORANDUM

## I.     INTRODUCTION

         Defendant KIA REID is charged by information with violating 18 U.S.C.

§ 245(b)(2)(C) by sending a note threatening violence to N. T., her supervisor at work, in an

attempt to interfere with N. T.'s federally protected employment activity, and because N. T. is an

Arab-American.  Pursuant to § 245(a)(1), the Assistant Attorney General for the Civil Rights

Division has certified that prosecution is in the public interest and necessary to secure substantial

justice.   A guilty plea hearing is scheduled for 9:00 a.m. on Friday, June 22, 2007.

## II.     PLEA AGREEMENT

         A plea agreement has been reached between the government and the defendant.  A

copy of the signed plea agreement is attached as Exhibit "A," and the essential terms of the plea

agreement are as follows:

            1.      The defendant agrees to plead guilty to Count One of an information,

waiving prosecution by indictment, charging her with acting against federally

protected rights by sending a communication threatening violence to her

supervisor at her place of employment in an attempt to interfere with her

supervisor's federally protected employment activity, because her supervisor is an

Arab-American in violation of 18 U.S.C. § 245(b)(2)(C).

2.     The defendant agrees to pay the special victims/witness assessment in the amount of $25.00 (Class A Misdemeanor) before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

3.     Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

4.     At the time of sentencing, the government will:

    a.     Make whatever sentencing recommendation the government deems is appropriate.

    b.     Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

    c.     Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

5.     The defendant may not withdraw her plea because the Court declines to

2

follow any recommendation, motion or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

6. Pursuant to U.S.S.G. § 6B1.4 of the Sentencing Guidelines, the parties enter into the following stipulations under the Sentencing Guidelines Manual effective November 1, 2006. It is understood and agreed that: (1) the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments and departures; (2) these stipulations are not binding upon either the Probation Department or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

    a.    The parties agree and stipulate that the offense level is 12 pursuant to U.S.S.G. §§ 2H1.1(a)(1) and 2A6.1(a)(1).

    b.    The defendant understands that the government believes that the offense level should be increased by 3 levels under U.S.S.G. § 3A1.1. The defendant reserves her right to argue to the contrary.

    c.    The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for her offense making the defendant eligible for a 2-level downward adjustment under U.S.S.G. § 3E1.1(a).

7.      In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.  This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

a.      Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of her sentence.

b.      If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

(1.)    the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 5 above;

(2.)    the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines;

(3)     the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 125 S. Ct. 738 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court; or

4

    (4)    the sentencing judge erroneously applied that 3 level

enhancement under U.S.S.G. § 3A1.1.

If the defendant does appeal pursuant to this paragraph, no issue may be presented

by the defendant on appeal other than those described in this paragraph.

The defendant also waives all rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United

States any records pertaining to the investigation or prosecution of this case,

including without limitation any records that may be sought under the Freedom of

Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

## III.    ESSENTIAL ELEMENTS OF THE OFFENSE

18 U.S.C. § 245 (b) provides that whoever, whether or not acting under color of

law, by force or threat of force willfully injures, intimidates, or interferes with, or attempts to

injure, intimidate or interfere with . . . (2) any person because of his race, color, religion or

national origin and because he is or has been . . . (C) applying for or enjoying employment, or

any perquisite thereof, by any private employer . . . shall be fined under this title, or imprisoned

not more than one year or both . . ."

In order to prove a violation of 18 U.S.C. § 245 (B)(2)(C), the government would have to

prove beyond a reasonable doubt that:

1) the defendant threatened violence;

2) in order to interfere with N.T.'s federally protected employment activity;

3) because of N.T.'s race, color, religion or national origin.

5

IV.   **MAXIMUM PENALTIES/SENTENCING GUIDELINES**

A violation of 18 U.S.C. § 245 (b)(2)(C)  (threats interfering with federally protected activities) carries a maximum penalty of 1 year imprisonment, a 1 year period of supervised release, a $100,000 fine, a $25 special assessment.

Supervised release may be revoked if its terms and conditions are violated.  When supervised release is revoked, the original term of imprisonment may be increased by 1 year. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

V.   **FACTUAL BASIS FOR THE PLEA**

If this case were to proceed to trial, the government would introduce evidence through the presentation of witness testimony, documents, and a recorded conversation that KIA REID interfered with N.T.'s federally protected activities by threatening violence and because N.T. is Arab-American.

This evidence would establish that defendant REID was employed at the Sheraton Suites Hotel near the airport in Philadelphia, Pennsylvania.  N.T. was employed as a manager at the same Sheraton Suites Hotel and supervised defendant.  N.T. was born in Cairo, Egypt, and is a practicing Muslim and the mother of two children.  N.T.'s status as a mother and her ethnicity and religious practices are well known by the staff at the hotel.

Defendant, by force and threat of force, willfully intimidated and interfered with, and attempted to intimidate and interfere with, N.T., an Arab-American woman, because of N.T.'s race, color, religion, and national origin, and because she was and had been enjoying employment

6

with the Sheraton Suites Hotel.  During the early morning hours of Monday, October 2, 2006, N.T., who had returned to her office after being away for a week at an out of town business meeting,  received an anonymous threatening letter which had been left for her in her office at the hotel.

The letter was contained in a small envelope with N.T.'s name in a large handwritten script with a childish appearance.  Inside that envelope was a partial sheet of lined paper.  On the lined paper, the author had affixed words and phrases which appeared to be cut from publications, including the phrases "REMEMBER 9/11," "You and your kids will pay," "tie onto the fence," "patriotism and anger along with desire for revenge, ""strategically planned," and "death."  A copy of the threatening note is attached as Exhibit "B."

The evidence would demonstrate beyond a reasonable doubt that defendant was responsible for the threatening note received by N.T. at her place of employment, stating among other things, "REMEMBER 9/11," "You and your kids will pay," "tie onto the fence," "patriotism and anger along with desire for revenge," and "death" which  N.T. immediately perceived to be a threat against her and her children.

A cooperating witness would testify that defendant had been attempting to undermine N.T. at the Sheraton and complained about N.T. to the Human Resources Department (HR) on some occasion prior to October 2, 2006.  After defendant returned from her meeting with HR, defendant told the cooperating witness, "I'm sick of this mess, I could hire somebody for $20 to beat [N.T.] up, or I could write a threatening letter, or I could damage her car."

About a week after defendant's meeting with HR, on October 2, 2006, defendant told the cooperating witness that she had placed a threatening letter in N.T's inbox at the Sheraton.

Defendant said that she had used black wool stretch gloves while fashioning the note, and showed the cooperating witness the gloves which were inside a desk drawer. The cooperating witness said that defendant told her that she intended to burn the gloves. According to the cooperating witness, defendant "terrified" her because REID was threatening her own supervisor and the supervisor's children.

The cooperating witness engaged in a recorded conversation with defendant regarding the threatening note left for N.T. The conversation was recorded on January 23, 2007. Defendant is recorded saying, "See, that's what I'm talking about . . . they are at a fuckin' loss! They're at a loss!" The cooperating witness then asked REID about the gloves, and defendant replied, "Oh, that little glove, I put it in the box. In the dumpster thing. I put it in the trash can. The tall trash can. I think . . . that's when I was doing a lot of stuff." Defendant stated, "[N.T. is] at a loss. [The investigators are] at a loss!" Defendant concluded by stating, "I am so not worried about it."

This memorandum sets forth only the essential facts that would need to be proven to establish the elements of the offenses charged.

Respectfully submitted,

PATRICK L. MEEHAN
*United States Attorney*

ERIC L. GIBSON
*Special Assistant U. S. Attorney*

8

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA                  :

        v.                                    :          CRIMINAL NO.

KIA REID                                  :

### GUILTY PLEA AGREEMENT

    Under Federal Rule of Criminal Procedure 11, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania and the Civil Rights Division of the United States Department of Justice.

    1.    The defendant agrees to plead guilty to Count One of an information, waiving prosecution by indictment, charging her with acting against federally protected rights by sending a communication threatening violence to her supervisor at her place of employment in an attempt to interfere with her supervisor's federally protected employment activity, because her supervisor is an Arab-American in violation of 18 U.S.C. § 245(b)(2)(C), all arising from an incident on or about Monday, October 2, 2006 where defendant sent an anonymous threatening note in the inter-office mail at the Sheraton Suites near the Philadelphia Airport. The defendant crafted the threat in a classic ransom note format, with cut-out words and phrases affixed to paper, stated, among other things, "REMEMBER 9/11," and "you and your kids will pay," "strategically planned," "death," and "tie onto the fence." The note also contained the phrase, "patriotism and anger along with desire for revenge." The defendant further acknowledges her waiver of rights, as set forth in the attachment to this agreement.

PAGE    03/09
04/20/2007  16:30    2159254024
APR-20-2007  16:17    From:
04/20/2007  16:04    2159254024

FEDERAL DEFENDER PHL
To:912159281112                    Page:3/9
FEDERAL DEFENDER PHL

PAGE    03/09

2.    The defendant agrees to pay the special victims/witness assessment in the

amount of $25.00 (Class A Misdemeanor) before the time of sentencing and shall provide a

receipt from the Clerk to the government before sentencing as proof of this payment.

3.    Defendant waives any claim under the Hyde Amendment, 18 U.S.C.

§ 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the

investigation or prosecution of this matter.

4.    At the time of sentencing, the government will:

a.    Make whatever sentencing recommendation the government deems

is appropriate.

b.    Comment on the evidence and circumstances of the case; bring to

the Court's attention all facts relevant to sentencing including

evidence relating to dismissed counts, if any, and to the character

and any criminal conduct of the defendant; address the Court

regarding the nature and seriousness of the offense; respond

factually to questions raised by the Court; correct factual

inaccuracies in the presentence report or sentencing record; and

rebut any statement of facts made by or on behalf of the defendant

at sentencing.

c.    Nothing in this agreement shall limit the government in its

comments in, and responses to, any post-sentencing matters.

5.    The defendant understands, agrees and has had explained to her by counsel

that the Court may impose the following statutory maximum sentence: Count 1, 18 U.S.C. § 245

-2-

04/20/2007  16:30    2159254024                                    PAGE  04/09
APR-20-2007 16:17    From:                FEDERAL DEFENDER PHL      Page:4/9
04/20/2007  16:04    2159254024           To:912159281112
                                          FEDERAL DEFENDER PHL      PAGE  04/09

federally protected activities, one year imprisonment, a one year period of supervised release, a $100,000 fine, and a $25.00 special assessment.

6.    The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 1 year per count of conviction in the case of Class A misdemeanors. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

7.    The defendant may not withdraw her plea because the Court declines to follow any recommendation, motion or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

8.    Pursuant to USSG § 6B1.4 of the Sentencing Guidelines, the parties enter into the following stipulations under the Sentencing Guidelines Manual effective November 1, 2006. It is understood and agreed that: (1) the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments and departures; (2) these stipulations are not binding upon either the Probation Department or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

a.    The parties agree and stipulate that the offense level is 12 pursuant to U.S.S.G. §§ 2H1.1(a)(1) and 2A6.1(a)(1).

-3-

04/20/2007  16:30    2159254024                                    PAGE  05/09
APR-20-2007 16:17    From:              FEDERAL DEFENDER PHL
04/20/2007  16:04    2159254024         To:912159281112            Page:5/9
                                        FEDERAL DEFENDER PHL        PAGE  05/09

b.   The defendant understands that the government believes that the offense level should be increased by 3 levels under U.S.S.G. § 3A1.1. The defendant reserves her right to argue to the contrary.

c.   The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for her offense making the defendant eligible for a 2-level downward adjustment under U.S.S.G. § 3E1.1(a).

9.   In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

a.   Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of her sentence.

b.   If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

(1.)   the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 5 above;

-4-

04/20/2007  16:30    2159254024
APR-20-2007 16:17    From:
04/20/2007  16:04    2159254024

FEDERAL DEFENDER PHL
To:912159281112
FEDERAL DEFENDER PHL

PAGE  06/09
Page:6/9

PAGE  06/09

(2.)     the sentencing judge erroneously departed upward pursuant

to the Sentencing Guidelines;

(3)     the sentencing judge, exercising the Court's discretion

pursuant to United States v. Booker, 125 S. Ct. 738 (2005),

imposed an unreasonable sentence above the final

Sentencing Guideline range determined by the Court; or

(4)     the sentencing judge erroneously applied that 3 level

enhancement under U.S.S.G. § 3A1.1.

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the

defendant on appeal other than those described in this paragraph.

The defendant also waives all rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act, 5 U.S.C. § 552a.

10.     The defendant is satisfied with the legal representation provided by the

defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement and

the defendant is agreeing to plead guilty because the defendant admits that she is guilty.

11.     It is understood by and between the parties that this guilty plea agreement

is contingent upon and subject to the certification of the Assistant Attorney General that in his

judgment the prosecution under 18 U.S.C. § 245 for communicating threats of violence in

violation of federally protected rights is in the public interest and necessary to secure substantial

justice.

-5-

04/28/2007  16:30     2159254024
APR-28-2007 15:17     From:
04/28/2007  15:04     2159254024

FEDERAL DEFENDER PHL
To:912159281112
FEDERAL DEFENDER PHL

PAGE  07/09
Page:7/9
PAGE  07/09

12.    It is agreed that the parties' guilty plea agreement contains no additional

promises, agreements or understandings other than those set forth in this written guilty plea

agreement, and that no additional promises, agreements or understandings will be entered into

unless in writing and signed by all parties.

PATRICK L. MEEHAN
United States Attorney

KIA REID
Defendant

LINDA DALE HOFFA
Chief, Criminal Division
Assistant United States Attorney

CATHERINE C. HENRY
BENJAMIN BRAIT COOPER
Counsel for Defendant

ERIC L. GIBSON
Trial Attorney, Civil Rights Division
Special Assistant United States Attorney

Date:              2007

-6-

04/20/2007  16:30    2159254024          FEDERAL DEFENDER PHL          PAGE  08/09
   APR-20-2007 16:17   From:            To:912159281112              Page:8/9
     04/20/2007  16:04   2159254024      FEDERAL DEFENDER PHL          PAGE  08/09

Attachment

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :

          v.                  :         CRIMINAL NO.

KIA REID               :

### ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1.    I understand that I do not have to plead guilty.

2.    I may plead not guilty and insist upon a trial.

3.    At that trial, I understand

     a.    that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

     b.    that the jury could only convict me if all twelve jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

     c.    that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

     d.    that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

     e.    that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

     f.    that through my lawyer I would have the right to confront and cross examine the witnesses against me;

     g.    that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to;

-1-

PAGE  09/09

04/20/2007  16:30    2159254024          FEDERAL DEFENDER PHL
    APR-20-2007 16:17   From:             To:912159281112        Page:9/9
       04/28/2007  16:84    2159254024    FEDERAL DEFENDER PHL          PAGE  09/09

h.   that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4.   I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5.   I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6.   I understand that if I plead guilty, I have waived my right to appeal, except as set forth in appellate waiver provisions of my plea agreement.

7.   Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.


_Kix Reid_
Kix Reid
Defendant


CATHERINE C. HENRY
BENJAMIN BRAIT COOPER
Counsel for the Defendant

-2-

EXHIBIT B

PAGE 02
PAGE 02/04



"I'm quite certain that when we look back, there are things we might wish we had been able to do differently or could have done better."



<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Guilty Plea Memorandum was

served by fax/first class mail postage prepaid, on the following defense counsel:

Catherine C. Henry, Esq.
Curtis Center, Suite 540 West
Independence Square West
Philadelphia, PA 19106
Tel: 215-928-1100

ERIC L. GIBSON
Special Assistant U. S. Attorney

Date: May 11th, 2007