IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 07-237-1 |
| KIA REID | : |

GOVERNMENT'S SENTENCING MEMORANDUM

KIA REID pleaded guilty to committing a federal hate crime by sending a note threatening violence to her Arab-American supervisor at work, in an attempt to interfere with the supervisor's federally protected employment activity. During the early-morning hours of Monday, October 2, 2006, REID left an anonymous threatening letter in her supervisor's office at the Sheraton Suites Hotel in Philadelphia. REID had affixed words and phrases which appeared to be cut from publications, stating among other things, "REMEMBER 9/11," "You and your kids will pay," "tie onto the fence," "patriotism and anger along with desire for revenge," and "death" which the victim immediately perceived to be a threat against her and her children.

For these reasons, as well as for the reasons provided below, the government recommends a sentence of incarceration within the advisory guideline range of 12 to 18 months, capped at 12 months due to the statutory limitations of 18 U.S.C. § 245(b).

The Third Circuit has set forth a three-step process which the district courts must follow in compliance with the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005):

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.
>
> (3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and citations omitted), citing United States v. King, 454 F.3d 187, 194, 196 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006).

The Third Circuit has explained that the Court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." Cooper, 437 F.3d at 329. See also Rita v. United States, 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); United States v. Schweitzer, 454 F.3d 197, 205-06 (3d Cir. 2006) (directing district courts to explain all guideline determinations and final sentences, stating, "There is simply no substitute for on-the-record discussion and deliberation. It ensures that the parties are fully informed of

their rights and obligations and that the appellate court will be able to assess the merits of the final judgment.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, which support a within-guideline sentence in this case.

I.   BACKGROUND

Defendant REID was employed at the Sheraton Suites Hotel near the airport in Philadelphia, Pennsylvania. N.T. was employed as a manager at the same Sheraton Suites Hotel and supervised defendant. N.T. was born in Cairo, Egypt, and is a practicing Muslim and the mother of two children. N.T.'s status as a mother and her ethnicity and religious practices are well known by the staff at the hotel.

During the early morning hours of Monday, October 2, 2006, N.T., who had returned to her office after being away for a week at an out of town business meeting, received an anonymous threatening letter which had been left for her in her office at the hotel.

The letter was contained in a small envelope with N.T.'s name in a large handwritten script with a childish appearance. Inside that envelope was a partial sheet of lined paper. On the lined paper, the author had affixed words and phrases which appeared to be cut from publications, including the phrases "REMEMBER 9/11," "You and your kids will pay," "tie onto the fence," "patriotism and anger along with desire for revenge, ""strategically planned," and "death," which N.T. immediately perceived to be a threat against her and her children. REID has entered a plea of guilty, and acknowledged that she was responsible for the threatening note received by N.T. at her place of employment.

REID had been attempting to undermine N.T. at the Sheraton and complained about N.T. to the Human Resources Department (HR) on some occasion prior to October 2, 2006. About a week after defendant's meeting with HR, on October 2, 2006, REID placed the threatening letter in N.T's inbox at the Sheraton. REID had used black wool stretch gloves while fashioning the note, and told a cooperating witness that she intended to burn the gloves.

The cooperating witness engaged in a recorded conversation with defendant regarding the threatening note left for N.T. The conversation was recorded on January 23, 2007. Defendant is recorded saying, "See, that's what I'm talking about . . . they are at a fuckin' loss! They're at a loss!" The cooperating witness then asked REID about the gloves, and defendant replied, "Oh, that little glove, I put it in the box. In the dumpster thing. I put it in the trash can. The tall trash can. I think . . . that's when I was doing a lot of stuff." Defendant stated, "[N.T. is] at a loss. [The investigators are] at a loss!" Defendant concluded by stating, "I am so not worried about it."

II. SENTENCING CALCULATION.

    A. Statutory Maximum Sentence.

Here, the maximum sentence that may be imposed on the defendant for a violation of 18 U.S.C. § 245 (b)(2)(C) (threats interfering with federally protected activities) is twelve months imprisonment, a one year period of supervised release, a $100,000 fine, and a $25 special assessment.

B.      Sentencing Guidelines Calculation.

In imposing sentence, the Court must take into account the considerations of sentencing set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 261 (2005). First, as stated in Section 3553(a)(4), the Court must determine and consider the sentencing range established in the Sentencing Guidelines. The Third Circuit has confirmed: "In consideration of the § 3553(a) factors, a trial court must calculate the correct guidelines range applicable to a defendant's particular circumstances." Cooper, 437 F.3d at 330. This Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion as was employed prior to the Booker decision. Id.; see also United States v. Grier, 475 F.3d 556 (3d Cir. 2007) (en banc).

The necessary calculation of the guideline range includes the determination whether there should be a departure, either upward or downward, pursuant to the Sentencing Guidelines. See, e.g., United States v. King, 454 F.3d 187, 194 (3d Cir. 2006) (holding that district court erred in not using "ratcheting" procedure to determine extent of upward departure). The issue of guideline departures is distinct from the Court's authority, recognized in Booker, to impose a final sentence which deviates from the guideline range (which the Third Circuit calls a "variance," see United States v. Vampire Nation, 451 F.3d 189, 195 n.2 (3d Cir. 2006)). While the final sentence is subject to appellate review for reasonableness, this Court's decision to deny a requested departure is not itself subject to review if the Court makes clear that its denial is based not on a legal determination that the departure is unavailable but on the Court's exercise of its discretion. Cooper, 437 F.3d at 332-33.

B.      Sentencing Guidelines Calculation.

In imposing sentence, the Court must take into account the considerations of sentencing set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 261 (2005). First, as stated in Section 3553(a)(4), the Court must determine and consider the sentencing range established in the Sentencing Guidelines. The Third Circuit has confirmed: "In consideration of the § 3553(a) factors, a trial court must calculate the correct guidelines range applicable to a defendant's particular circumstances." Cooper, 437 F.3d at 330. This Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion as was employed prior to the Booker decision. Id.; see also United States v. Grier, 475 F.3d 556 (3d Cir. 2007) (en banc).

The necessary calculation of the guideline range includes the determination whether there should be a departure, either upward or downward, pursuant to the Sentencing Guidelines. See, e.g., United States v. King, 454 F.3d 187, 194 (3d Cir. 2006) (holding that district court erred in not using "ratcheting" procedure to determine extent of upward departure). The issue of guideline departures is distinct from the Court's authority, recognized in Booker, to impose a final sentence which deviates from the guideline range (which the Third Circuit calls a "variance," see United States v. Vampire Nation, 451 F.3d 189, 195 n.2 (3d Cir. 2006)). While the final sentence is subject to appellate review for reasonableness, this Court's decision to deny a requested departure is not itself subject to review if the Court makes clear that its denial is based not on a legal determination that the departure is unavailable but on the Court's exercise of its discretion. Cooper, 437 F.3d at 332-33.

In this case, as stated in paragraph 68 of the presentence report (PSR), the correct guideline calculation is 12 to 18 months, however, due to the statutory limitations of 18 U.S.C. § 245 (b), the guideline range is capped at twelve months.

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a). Those factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>  (B) to afford adequate deterrence to criminal conduct;
>
>  (C) to protect the public from further crimes of the defendant; and
>
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

>  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced; . . .

(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).[1]

A full review of all pertinent factors supports the conclusion that a within-guideline sentence is appropriate in this case.

III.   ANALYSIS.

   A.   Importance of the Guideline Range.

The advisory guideline range, the only means which exists for carrying out the Congressional policy of seeking uniformity in sentencing, carries considerable weight even after Booker. As the Third Circuit stated, "a within-guidelines range sentence is more likely to be reasonable than one that lies outside the advisory guidelines range . . . ." Cooper, 437 F.3d at 331. The Court later noted: "The farther a sentence varies from the advisory guidelines range, the more compelling the judge's reasons must be." United States v. King, 454 F.3d 187, 195 (3d Cir. 2006), quoting United States v. Jordan, 435 F.3d 693, 696-97 (7th Cir. 2006); United States v. Manzella, 475 F.3d 152, 161 (3d Cir. 2007). Most recently, the Supreme Court decided in Rita v. United States, 127 S. Ct. 2456 (2007), that an appellate court may presume that a within-guideline sentence is reasonable. While this presumption does not apply before the district court, id. at 2465, the Supreme Court's observation is informative that "the presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review,

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

*both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." Id. at 2463 (emphasis in original).

Accordingly, the Third Circuit has reversed substantial downward variances as unreasonable. See United States v. Goff, 2007 WL 2445637 (3d Cir. Aug. 30, 2007) (reversing sentence of 4 months imprisonment for possession of child pornography, below the range of 37-46 months); United States v. Tomko, 2007 WL 2350765 (3d Cir. Aug. 20, 2007) (in a tax evasion case, rejecting a sentence of three years probation (with one year of house arrest), below the guideline range of 12-18 months).

B.  Application of the § 3553(a) Factors.

In this case, no unusual circumstances exist which warrant an exception to the sound basis for guideline sentencing. Section 3553(a)(4) and (5) specifically direct the Court to consider the applicable guidelines, and Section 3553(a)(6) commands that the Court strive to avoid disparity in sentencing, which is best accomplished through faithful application of the guidelines. The other 3553(a) factors also point to this conclusion.

The defendant engaged in a serious offense. REID, by force and threat of force, willfully intimidated and interfered with, and attempted to intimidate and interfere with, N.T., an Arab-American woman, because of N.T.'s race, color, religion, and national origin, and because she was and had been enjoying employment with the Sheraton Suites Hotel. During the early morning hours of Monday, October 2, 2006, N.T., returned to her office and received an anonymous letter which N.T. immediately perceived to be a threat against her and her children.

REID's crime falls squarely within the class of cases to which the applicable guidelines are addressed, and thus consideration of the nature of the offense, § 3553(a)(1), counsels in favor of the guideline sentence.

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of a within-guideline sentence. For all of these reasons, the government respectfully recommends that the Court sentence the defendant within the guideline range defined above.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____
Eric L. Gibson
Special Assistant U. S. Attorney


/s/ Jeffery W. Whitt
Jeffery W. Whitt
Assistant United States Attorney